UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

LANSFORD WATSON,

        Plaintiff,

   -against-

THE CITY OF NEW YORK,
P.O. ANDREA J. LEMMON, SHIELD NO. 7338,
P.O. CARL DAGOSTINO, SHIELD NO. 2535,
P.O. BRATHWAITE, P.O. McCLEAN
and JOHN DOES 1-10,

        Defendants.
------------------------------------------------------------------ X

Case No.:

COMPLAINT IN CIVIL CASE
JURY TRIAL DEMANDED

Plaintiff, LANSFORD WATSON, by his attorneys, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff, Lansford Watson (hereinafter "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Plaintiff was assaulted, falsely arrested and maliciously prosecuted by defendants, Officer Lemmon, (hereinafter "Lemmon"), Officer Dagostino (hereinafter "Dagostino"), Officer Brathwaite (hereinafter "Brathwaite"), Officer McClean (hereinafter "McClean") and John Does 1-10 whilst present at the 71st precinct of the New York City Police Department (hereinafter "NYPD"). The assault occurred in the foyer of the 71st police precinct. The plaintiff was assaulted by defendants Dagostino, Brathwaite, McClean and John Does 1-10 and then falsely arrested and maliciously prosecuted by the defendants.

2. The plaintiff now seeks redress against defendants, The City of New York (hereinafter "The City"), Lemmon, Dagostino, Brathwaite, McClean and John Does 1-10. These defendants participated in the assault or caused for the assault to occur or failed to intervene when said assault was occurring. After the assault the plaintiff was then falsely arrested and maliciously prosecuted.

## JURISDICTION AND VENUE

3. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

5. The acts complained of occurred in the Eastern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Lansford Watson is a resident of New Jersey.

7. Police Officer Lemmon, shield number 7336 was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and upon information and was assigned to the 71st precinct at 421 Empire Boulevard, Kings County, New York City.

8. Police Officer Dagostino, shield number 2535 was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and was, upon information and belief, assigned to the 71st precinct at 421 Empire Boulevard, Kings County, New York City.

9. Police Officer Brathwaite, shield number unknown was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and

was, upon information and belief, assigned to the 71st precinct at 421 Empire Boulevard, Kings County, New York City.

10. Police Officer McClean, shield number unknown was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and was, upon information and belief, assigned to the 71st precinct at 421 Empire Boulevard, Kings County, New York City.

11. Police Officers John Does 1-10 were unidentified police officers employed by the City of New York Police Department to perform duties in the borough of Brooklyn and were, upon information and belief, assigned to the 71st precinct at 421 Empire Boulevard, Kings County, New York City.

12. The defendant-City of New York is a municipality that is incorporated under the laws of the State of New York and, at all relevant times it employed the other defendants in this action.

13. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

14. At all relevant times, Lemmon was an officer within the New York City Police Department assigned to the 71st Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of her employment and as such she was acting under color of State law. Defendant Lemmon is sued in her individual capacity.

15. At all relevant times, Dagostino was an officer within the New York City Police Department assigned, upon information and belief, to the 71st Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the

scope of his employment and as such he was acting under color of State law. Defendant Dagostino is sued in his individual capacity.

16. At all relevant times, Brathwaite was an officer within the New York City Police Department assigned, upon information and belief, to the 71st Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Brathwaite is sued in his individual capacity.

17. At all relevant times, McClean was an officer within the New York City Police Department assigned, upon information and belief, to the 71st Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant McClean is sued in his individual capacity.

18. At all relevant times, John Does 1-10 were officers within the New York City Police Department assigned, upon information and belief, to the 71st Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of their employment and as such they were acting under color of State law. Defendants John Does 1-10 are sued in their individual capacity.

## STATEMENT OF FACTS

19. On January 22, 2017 at approximately 11:40 a.m. the plaintiff was at the 71st Precinct with his daughter Ja'Sarie Halo who was seven years old at the time. The plaintiff was at the precinct to facilitate the transfer of his daughter to her mother, Ishla Seaforth, so that

Ms. Seaforth could have visitation with the infant. Ms. Seaforth's visitation was to commence at 12:00 p.m. on January 22, 2017.

20. Once the plaintiff arrived at the precinct, he sat down with his daughter and awaited 12:00 p.m. and Ms. Seaforth's arrival. When Ms. Seaforth arrived she spoke to an Officer, whose surname is upon information and belief, McClean. After Ms. Seaforth spoke to Officer McClean (hereinafter "McClean") who walked to where plaintiff was seated and without uttering a word stretched out his hand to the plaintiff's daughter. Plaintiff motioned to Officer McClean not to touch his daughter as plaintiff did not want his daughter walking to the back of the precinct, which it appears, was where Ms. Seaforth had headed. Additionally, it was not yet 12:00 p.m. so the plaintiff wanted to continue spending time with his daughter. Once this was communicated to McClean, he remarked to plaintiff that since he wants to be a "smart ass go ahead and wait". McClean returned to the front desk and whispered to Officer Smith who was at the front desk. Officer Smith then left the front desk and walked to the rear of the precinct.

21. At 12:00 p.m. McClean came over to the plaintiff and took plaintiff's daughter and lead her to another officer who takes her towards the rear of the precinct. Plaintiff was still seated when he was then surrounded by multiple officers. Plaintiff arose from his seat and placed his hands in an upward position. McClean tells the plaintiff to leave which plaintiff attempts to do by turning around and walking towards the exit of the precinct. Once plaintiff was turned around he was pushed in his back by McClean through a set of double doors and then into a wall. Four unidentified officers, two on each arm, held the plaintiff with plaintiff's back up against the wall.

22. Plaintiff was then punched multiple times about his body and head by what appeared to be two officers. One of the officers punching the plaintiff remarked "fucking nigger what are you going to do now." Plaintiff screamed that he didn't do anything, "what are you doing." An Officer Brathwaite (hereinafter "Brathwaite") had his gun in his hand and trained on the plaintiff's head. Once plaintiff saw the gun he dropped to his knees and was then pushed down onto the floor. Plaintiff was then rearward cuffed and then thrown into a cell.

23. On January 23, 2017 the plaintiff was arraigned on multiple charges: assault in the second degree; assault in the third degree; obstructing governmental administration in the second degree; resisting arrest; endangering the welfare of a child; attempted assault in the third degree; trespass; three counts of disorderly conduct and harassment in the second degree.

24. Plaintiff made a total of three appearances in the Kings County Supreme Court, Criminal Term until July 28, 2017 when all the charges filed against the plaintiff were dismissed.

### FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. §1983 AGAINST THE CITY OF NEW YORK, OFFICERS LEMMON, DAGOSTINO, BRATHWAITE, McCLEAN, and JOHN DOES 1-10.

25. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

26. The incident on January 22, 2017 saw some of the defendants fail to intervene to protect the plaintiff who was being assaulted by their co-defendants. This common practice of police officer's showing a deliberate indifference to the safety and well-being of persons in their custody was and is widespread and tolerated by and known to the City. Defendant

officers on the date in question failed to intervene or protect plaintiff, Watson from a brutal and unwarranted assault despite their duties and obligation as an officer of the New York City Police Department. The defendants conduct was a substantial factor in the assault of plaintiff and a proximate cause of the constitutional violations alleged in this complaint. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damages alleged. Additionally, defendant officers were complicit in covering up the truth by completing false reports of the incident at question and falsely arresting the plaintiff on manufactured charges.

27. The above described policies and customs and failures to train, supervise and discipline clearly illustrates the deliberate indifference on the part of the City to the constitutional rights of persons within New York City and was the cause of the violations of plaintiff's rights.

### SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANTS THE CITY OF NEW YORK, OFFICERS LEMMON, DAGOSTINO, BRATHWAITE, McCLEAN, and JOHN DOES 1-10.

28. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.
29. By reason of the foregoing and by the use and allowance of unnecessary and excessive force against the plaintiff, the defendants deprived plaintiff of his rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States

Constitution to be free from deliberate indifference to his safety in violation of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1983 .

30. For inflicting the aforesaid upon plaintiff in wanton disregard for the life of plaintiff who posed no threat to the defendants and thereby causing the plaintiff to suffer among other injuries physical damage and trauma and mental trauma, and by the other acts and omissions described above, the individually named defendant officers acted under the color of state law and deprived the plaintiff of his rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution.

31. Plaintiff was deprived of his right to be free from cruel and unusual punishment.

32. Plaintiff was deprived of his right to be free from the application of excessive force.

33. Plaintiff was deprived of his right to be free from excessive force that amounts to punishment.

34. Plaintiff was deprived of his right to be free from use of force with an intent to harm that shocks the conscience.

35. The conduct of the defendants demonstrated a deliberate indifference to the safety of the plaintiff and was excessive, arbitrary and without legitimate purpose and intended as punishment of the plaintiff; the individually named defendants named herein are liable to plaintiff in damages under 42 U.S.C. Section 1983.

36. Because of the knowledge of and conspiracy to participate in the aforesaid acts against the person of the plaintiff each of the individually named defendants are liable to plaintiff in damages under 42 U.S.C. Section 1986.

37. The defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

38. As a direct and proximate result of the unnecessary and excessive use of force and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANTS THE CITY OF NEW YORK, OFFICERS LEMMON, DAGOSTINO, BRATHWAITE, McCLEAN, and JOHN DOES 1-10.

39. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

40. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was arrested without probable cause to believe he had committed a crime.

41. That the defendants confined plaintiff in that he was not free to leave, defendants intended to confine him, plaintiff was conscious of confinement, he did not consent to confinement and confinement was not otherwise privileged.

42. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly his right to be free from arrest without probable cause.

43. That said false arrest was caused by the defendants, without any legal justification, without authority of the law and without probable cause to believe that plaintiff was in fact guilty of any crimes.

44. That the defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and/or continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

45. That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement, he incurred emotional harms, plaintiff suffered pecuniary harms, he incurred attorneys' fees, plaintiff suffered humiliation, mental anguish, embarrassment, anxiety, his reputation in the community was impaired, he suffers from fear of the police and he was prevented from performing his necessary affairs losing the ability to commence a job in which he had received a job offer.

46. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANTS THE CITY OF NEW YORK, OFFICERS LEMMON, DAGOSTINO, BRATHWAITE, McCLEAN, and JOHN DOES 1-10.

47. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

48. That plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§ 1983, in that he was maliciously prosecuted by the defendants.

49. That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in his favor via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

50. That defendants' swore falsely as to the alleged criminal actions of plaintiff and caused his malicious prosecution to be commenced and continued before it terminated in his favor on the false charges.

51. That the defendants fabricated information likely to influence a jury's decision and forwarded that information to prosecutors and in so doing violated plaintiff's constitutional right to a fair trial.

52. That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, plaintiff endured great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

53. That all the defendants who knew of the commencement and continuation of the malicious prosecution of plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

54. That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of plaintiff's infant and who either directly participated in the violation of plaintiff's infant's rights or who after

learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of plaintiff's rights pursuant to the Fourth Amendment via supervisor liability.

55. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

Dated: Brooklyn, New York
       October 5, 2017

Yours Etc,.
ADRIAN A. ELLIS, LLC.
By: Adrian A. Ellis, Esq.,
Attorney for the Plaintiff
26 Court Street, Ste 1600
Brooklyn, New York 11242
P (718) 596-1308
F (718) 596-8059